UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **Leland Foster**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-11721 |
| v. | ) | |
| | ) | |
| **ALMA MCD MANAGEMENT, INC.,** | ) | Judge: |
| a Michigan corporation for profit, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **Leland Foster**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **ALMA MCD MANAGEMENT, INC.**, a Michigan corporation for profit for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1.  This action is brought by the Plaintiff, **Leland Foster**, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2.  The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **Leland Foster** ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **ALMA MCD MANAGEMENT, INC.** owns a McDonald's located at **1625 Wright Ave, Alma, MI 48801** in Gratiot County. Plaintiff has patronized Defendant's restaurant previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **ALMA MCD MANAGEMENT, INC.** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a restaurant and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7.     Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a
       wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of
       his disability. As such, he is substantially limited in performing one or more major life
       activities, including but not limited to, standing and walking, as defined by the ADA and
       its regulations thereto.  On May 14, 2018 and previous occasions, Plaintiff visited the
       property that forms the basis of this lawsuit and plans to return to the property to avail
       himself of the goods and services offered to the public at the property.

8.     Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active
       local adaptive sports community, including hand cycle events and wheelchair tennis and
       other activities in Central Michigan and hosted at nearby Central Michigan University
       which boasts an exceptional and acclaimed adaptive recreation program. Through his
       involvement in adaptive sports he has established friendships throughout Michigan.
       Leland Foster frequents many establishments in the Gratiot County region and has been a
       customer at the restaurant on the property that forms the basis of this lawsuit.  During the
       Plaintiff's visits to Defendant's restaurant he encountered architectural barriers at the
       subject property that violate the ADA and its regulations.  The barriers to access at the
       property have endangered Plaintiff's safety.

9.     Completely independent of the personal desire to have access to this place of public
       accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the
       purpose of discovering, encountering, and engaging discrimination against the disabled in
       public accommodations. When acting as a "tester," Plaintiff employs a routine practice.
       Plaintiff personally visits the public accommodation; engages all of the barriers to access,
       or at least all of those that Plaintiff is able to access; and tests all of those barriers to

access to determine whether and the extent to which they are illegal barriers to access;

proceeds with legal action to enjoin such discrimination; and subsequently returns to the

premises to verify its compliance or non-compliance with the ADA and to otherwise use

the public accommodation as members of the able-bodied community are able to do.

Independent of other visits, Plaintiff also intends to visit the premises annually to verify

its compliance or non-compliance with the ADA, and its maintenance of the accessible

features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and

as a "tester," visited the Facility, encountered barriers to access at the Facility, and

engaged and tested those barriers, suffered legal harm and legal injury, and will continue

to suffer such harm and injury as a result of the illegal barriers to access and the ADA

violations set forth herein.

10.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the

Defendant's non-compliance with the ADA with respect to this property as described but

not necessarily limited to the allegations contained in this complaint.  Plaintiff has

reasonable grounds to believe that he will continue to be subjected to discrimination in

violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of

business again on future occasions, not only to avail himself of the goods and services

available at the property but to assure himself that this property is in compliance with the

ADA so that he and others similarly situated will have full and equal enjoyment of the

restaurant and its amenities without fear of discrimination.

11.     The Defendant has discriminated against the individual Plaintiff by denying him access to

the full and equal enjoyment of the goods, services, facilities, privileges, advantages

and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12.    The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13.    A preliminary inspection of the McDonald's owned by **ALMA MCD MANAGEMENT, INC.**, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Accessible Routes and Parking

   A.  Curb ramps on the accessible route have cracks, changes in level, and excess slopes and cross slopes, in violation of the ADA whose remedy is readily achievable.

   B.  Access aisles at designated accessible parking spaces do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

   C.  There are cracks and changes in level in excess of ¼ inch on the designated accessible parking ground surfaces, in violation of the ADA whose remedy is readily achievable.

   D.  Designated accessible parking is located on a ground surface with excess slope or cross slope in violation of the ADA whose remedy is readily achievable.

   E.  There are cracks and changes in level in excess of ¼ inch along the accessible route from the designated accessible parking to the entrance, in violation of the ADA whose remedy is readily achievable.

   F.  There is no accessible route from the designated accessible parking to the entrance due to a non-compliant ramp, in violation of the ADA whose remedy is readily achievable.

   G.  Some designated accessible parking are not located on the shortest accessible route to the entrance, in violation of the ADA whose remedy is readily achievable.

   H.  There is not the required latch-side clearance on the exterior entrance to the restaurant, in violation of the ADA whose remedy is readily achievable.

Restrooms

   I.  The men's and women's restroom have non-compliant signage, lacking the

5

international symbol of accessibility and tactile Braille, in violation of the ADA whose remedy is readily achievable.

J.  There is not the required latch-side maneuvering clearance to operate the toilet compartment door in the men's restroom, in violation of the ADA whose remedy is readily achievable.

K.  The men's restroom toilet compartment does not have required clear floor space for a wheelchair to maneuver and offers only an ambulatory accessible toilet compartment, in violation of the ADA whose remedy is readily achievable.

L.  The men's restroom toilet compartment has missing or non-compliant grab bars, in violation of the ADA whose remedy is readily achievable.

M.  The toilet paper dispenser in the men's restroom is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

N.  The flush control to the water closet located in the designated accessible toilet compartment is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

O.  Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

P.  There are no accessible dining surfaces at the available outdoor picnic seating area, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

Q.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

14.  The discriminatory violations described in Paragraph 13 by Defendant **ALMA MCD MANAGEMENT, INC.** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to

Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

<u>COUNT I</u>
<u>VIOLATION OF THE AMERICANS WITH DISABILITES ACT</u>

15.     Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16.     The restaurant at issue, as owned and operated by **ALMA MCD MANAGEMENT, INC.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18.     The Plaintiff, and others similarly-situated, is presently without adequate remedy at law

and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will

continue to suffer irreparable harm unless and until Defendant is required to remove the

physical barriers, dangerous conditions, and ADA violations that exist at the Facility,

including those set forth herein.

19.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction

requiring Defendant to make such readily achievable alterations as are legally required to

provide full and equal enjoyment of the goods, services, facilities, privileges, and

advantages on its property to disabled persons. In connection with that relief, Plaintiff

requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301 *et seq*.**

20.     Plaintiff restates the allegations of ¶¶1 - 19 as if fully rewritten here.

21.     **ALMA MCD MANAGEMENT, INC.** operates a "place[s] of public accommodation"

pursuant to M.C.L §37.1301(a).

22.     Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff

the full enjoyment of its goods, services, accommodations, advantages, facilities, or

privileges.  Whereas, the parking conditions at the restaurant are located on a significant

sloped surface, are dangerous and risk serious injury to plaintiff and other disabled

individuals who operate. Also, there are no toilet facilities for use by Mr. Foster, a patron

who uses a wheelchair for mobility, with floor space to maneuver a wheelchair.

23.     Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages,

and attorneys' fees and costs, in an amount to be determined at trial, but in any event not

less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow

full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica, OH Bar no. 0083812
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
valeriefatica@gmail.com
*admitted to bar of the E. District of MI

9